FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 NOV -1 A 11: 11

CLERK'S OFFICE
AT BALTIMORE

BY_____ ___ _ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT SILBAUGH,
   *Plaintiff,*

v.   Civil Action No. ELH-11-1387

OMNI CREDIT SERVICES OF
FLORIDA, INC.,
   *Defendant.*

## ORDER

Plaintiff filed a Complaint (ECF 1) against Omni Credit Services of Florida, Inc. ("Omni") and ten unidentified "Doe" employees of Omni, alleging that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and other statutes, by "attempting to collect on a Debt that has been paid off and removed from Plaintiff's credit report," Complaint ¶ 12, and by employing "false and deceptive means" to do so. *Id.* ¶ 20.

On September 16, 2011, plaintiff filed proof of service (ECF 3), indicating that Omni had been served with the Complaint and summons on June 13, 2011, by service upon "Tina Maki," a person allegedly "designated by law to accept service on behalf" of Omni. Under Rule 12(a)(1) of the Federal Rules of Civil Procedure, Omni's answer or other response to the Complaint had been due within 21 days after service, *i.e.*, by July 5, 2011.[1] Because Omni's answer was already several months overdue, the Court issued an Order on September 26, 2011 (ECF 4), directing plaintiff to file and serve on Omni, within 30 days after the date of the Order (*i.e.*, by

---

[1] The twenty-first day after Omni was served was July 4, 2011, a legal holiday, and thus the time was extended until the next day that the Court was open. Fed. R. Civ. P. 6(a)(1)(C).

October 26, 2011), a motion for entry of default and a motion for default judgment, or a report as to why such motions would be inappropriate.

Plaintiff filed a motion for entry of default on September 28, 2011 (ECF 5), and the Clerk entered a default against Omni on October 4, 2011 (ECF 6). However, plaintiff has not yet filed a motion for default judgment, nor has plaintiff indicated that such a motion would be inappropriate at this juncture. More than thirty days have elapsed since the Court's Order.

The Court has the inherent power to dismiss an action for failure of the plaintiff to prosecute the case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007) ("federal courts possess the inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute"). Accordingly, plaintiff is hereby ORDERED, within 21 days after the date of this Order, either to file a motion for default judgment or to show cause why the Complaint should not be dismissed, without prejudice.

SO ORDERED, this 1st day of November, 2011.

Ellen L. Hollander
Ellen Lipton Hollander
United States District Judge