IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT SILBAUGH           *

   V.                      *          CIVIL NO. ELH-11-1387

                                   *

OMNI CREDIT

### REPORT AND RECOMMENDATION

This matter comes before the Court upon motion by plaintiff Robert Silbaugh for an entry of default judgment against defendant, Omni Credit Services of Florida, Inc., pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for failure to appear, answer, or otherwise defend in this matter. Plaintiff seeks statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692(k) for various alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), treble damages in the amount of $1,500.00 for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*("TCPA"), and reasonable costs and attorney's fees. This case has been referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. For the reasons set forth below, the undersigned recommends that the Court grant the motion, but not afford all of the relief requested.

### A. Default Judgment Standard

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading.

In deciding whether to grant a motion for default judgment, the Court must first consider the following three factors: (1) whether the plaintiff will be prejudiced if default is not granted, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's delay was the result of culpable misconduct. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987). See also Smith v. Bounds, 813 F.2d 1299 (4th Cir. 1987) (relying on these factors in determining whether a default judgment merited reconsideration).

The Court must also determine whether plaintiff has alleged legitimate causes of action. In reviewing plaintiff's Motion for Entry of a Default Judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001). It, however, remains for the Court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. Id.; see also 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and

the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the Court determines that liability is established, it must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. Unlike allegations of fact, the Court does not accept allegations regarding damages as true, but rather must make an independent determination regarding such allegations. E.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the Court may conduct an evidentiary hearing. FED. R. CIV. P. 55(b)(2). The Court can also make a determination of damages without a hearing so long as there is an adequate evidentiary basis in the record for the award. See, e.g., Stephenson v. El-Batrawi, 524 F.3d 907, 917 n.11 (8th Cir. 2008) ("Foregoing an evidentiary hearing may constitute an abuse of discretion when the existing record is insufficient to make the necessary findings in support of a default judgment."); Adkins v. Teseo, 180 F.Supp. 2d 15, 17 (D.D.C. 2001) (finding that a court need not make determination of damages following entry of default through hearing, but rather may rely on detailed affidavits or documentary evidence to determine the appropriate sum).

    **B.    Preliminary Factors**

The Clerk of Court having filed entry of default, the undersigned concludes that the procedural requirements for entry of default judgment have been met.  Moreover, because defendant has failed to file any responsive pleadings or otherwise show cause why default should not be granted, the Court is "not in a position to judge whether the defendant has a meritorious defense or whether any delay was the result of culpable misconduct."  <u>Sambrick</u>, 834 F.2d at 73.  Further, defendant's failure to appear deprived plaintiff of any other means of vindicating its claim and plaintiff will be prejudiced if default is not granted.

**C.    Causes of Action**

Accepting the facts alleged in plaintiff's complaint as true, the undersigned finds that plaintiff's well-pleaded facts establish liability under both the FDCPA and the TCPA.

**1. <u>FDCPA</u>**

Plaintiff's first count alleges that defendant violated both § 1692e(2)(A) and § 1692e(10) of the FDCPA.

Section e(2)(A) prohibits collectors from falsely representing "the character, amount, or legal status of any debt." Defendants violated that provision by representing that plaintiff owed a debt that, in fact, plaintiff had already paid off.  Indeed, "Congress designed and enacted the [FDCPA] in part to 'eliminate the recurring problem of debt collectors dunning

4

the wrong person or attempting to collect debts [] the consumer has already paid.'"  <u>Magrin v. Unifund Ccr Partners</u>, 52 Fed. Appx. 938 (9th Cir. Nev. 2002) (quoting S. Rep. No. 382, 95th Cong. 2d Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1699).

Section e(10) in turn prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  The facts alleged in this case certainly demonstrate that defendant used deceptive means in order to collect plaintiff's (apparently nonexistent) debt.  Defendant's pre-recorded message to plaintiff purported to be a courtesy call to warn plaintiffs of danger concerning his family, when in fact the purpose of the message was to collect a non-existent debt.  Such behavior is deceptive, indeed reprehensible.

    **2. TCPA**

The relevant portion of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), makes it unlawful:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice -- . . .
>
> > (iii) to any telephone number assigned to a . . . *cellular telephone service* .

>. . . or any service for which the called
>party is charged for the call.[1]

(emphasis added). Plaintiff alleges that defendant used an automatic telephone dialing system to place an artificial prerecorded telephone call to his cellular phone on April 21, 2011. Accepting those facts as true, the undersigned concludes that defendant violated § 227(b)(1)(A)(iii).

**D.     Damages**

Plaintiff seeks $1,000.00 in statutory damages under the FCDCA. (ECF No. 6, 1). Having found that plaintiff's allegations of fact support default judgment in its favor on Count I, the undersigned recognizes that 15 U.S.C. § 1692(k)(a)(2)(A) permits plaintiff to recover statutory "damages as the court may allow, but not exceeding $1,000." In determining the amount of damages under § 1692(k)(a)(2)(A), the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional[.]" Id. § 1692(k)(b)(1). The undersigned finds that, while liability appears to arise out of only one incident in this case (the April 21, 2011 pre-recorded message), the noncompliance appears deliberate and intentional and

---

[1] The undersigned notes that the phrase "for which the called party is charged for the call" only modifies "any service." See, e.g., Lozano v. Twentieth Century Fox Film Corp., 702 F. Supp. 2d 999, 1009-10 (N.D. Ill. 2010). In other words, plaintiff need not prove that he was charged for the April 21, 2011 call to his cell phone in order to state a cause of action.

particularly troubling in nature. Defendant should be ordered to pay the maximum $1,000.00 in statutory damages under the FDCPA.

Plaintiff also requests treble damages in the amount of $1,500.00 for violations under the TCPA. Subsection (b)(3) of the TCPA provides for a private right of action[2] and allows individuals to "recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation . . . ." 47 U.S.C. § 227(b)(3)(B). If the court finds that a defendant has "willfully or knowingly" violated this subsection of the TCPA, the court has discretion to increase the damages up to $ 1,500 for each violation. 47 U.S.C. § 227(b)(3)(C). There are neither allegations in the complaint nor evidence presented by affidavit upon which the undersigned can find a willful or knowing violation of § 227(b)(1)(A)(iii) of the TCPA. For example, while there are facts pled supporting a violation, there are no facts alleging knowledge that the number called was a cellphone. Accordingly, the undersigned recommends an award of $500 without trebling.

---

[2] Specifically, the Section provides that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring [an action] in an appropriate court of that State[.]" 47 U. S. C. §227(b)(3). Despite the state-oriented language of that provision, a very recent United States Supreme Court decision makes it clear that federal courts retain federal-question jurisdiction over TCPA claims. Mims v. Arrow Fin. Servs. LLC, 2012 U.S. LEXIS 906 (U.S. Jan. 18, 2012). Thus, "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA." Id. at *9.

Last, plaintiff requests reasonable attorney's fees and costs. Section 1692(k)(a)(3) of the FDCPA provides that "in the case of any successful action to enforce the foregoing liability," courts may award "the costs of the action, together with a reasonable attorney's fee." However, plaintiff has not requested any specific amount of attorney's fees and costs and has provided absolutely no proof as to those matters. Accordingly, no award of attorney's fees or costs is recommended, at this time.

**E.   Conclusion**

The undersigned finds that an entry of default judgment is appropriate as to both Count I and Count II and recommends that judgment be entered against defendant in the total amount of $ 1,500.00, reflecting:

1. Statutory damages under the FDCPA of $1,000.00.

2. Statutory damages under the TCPA of $500.00.


Date: 1/31/12 _____                      _____/s/_____
                                             Susan K. Gauvey
                                             United States Magistrate Judge