IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT SILBAUGH                    *
           Plaintiff

                                *

      vs.                          *          Civil Action No.   ELH-11-01387

                                *

OMNI CREDIT SERVICES OF FLORIDA,
INC., et al.                       *

          Defendants            *

                    ******

**MEMORANDUM**

    Robert Silbaugh, plaintiff, filed suit in this Court on May 23, 2011 (ECF 1), alleging that

the defendant, Omni Credit Services of Florida, Inc., violated the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Maryland Consumer Debt Collection Act, § 14-

201, *et seq*. of the Commercial Law Article of the Maryland Code; and the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.  After having been served on September 16,

2011 (ECF 3), the defendant failed to appear, answer, or otherwise defend in this matter.

Accordingly, on September 28, 2011, plaintiff asked the Clerk to enter an order of default against

the defendant.  *See* ECF 5.  On October 4, 2011, the Clerk issued an "Order Of Default" (ECF 6).

    Thereafter, on November 22, 2011, pursuant to F. R. Civ. P. 55(b)(2), plaintiff filed a

"Notice Of Motion For Default Judgment" ("Motion," ECF 8), which was supported by a

Declaration of Plaintiff (ECF 8-1); a Declaration of counsel for the plaintiff, Forrest Mays,

Esquire (ECF 8-2); and a Memorandum of Law (ECF 8-3).  In the Motion, plaintiff requested

statutory damages of $1,000 under the FDCPA, and, pursuant to 15 U.S.C. § 1692(k)(a)(3), costs

of litigation and reasonable attorneys' fees.  ECF 8-3 at 5.  In addition, under the TCPA, plaintiff

requested statutory damages of $500 and, because of the nature of the conduct of the defendant,

requested treble damages, for a total of $1,500.  In conclusion, plaintiff requested  "the

maximum amount of statutory damages, $1,000.00 for FDCPA violations, $1,500.00 for TCPA

violations, and reasonable attorneys' fees and costs. . . ."  ECF 8-3 at 7.  However, plaintiff did

not particularize or itemize his request for attorneys' fees.

On December 13, 2011, pursuant to 28 U.S.C. § 636 and Local Rule 301, this Court

referred the matter to Magistrate Judge Susan Gauvey for a Report and Recommendation as to

the pending Motion.  ECF 9.  On January 31, 2012, Judge Gauvey issued a thorough and well

considered Report And Recommendation ("Report") (ECF 10).  She made the following

recommendations, *id.* at 7-8:

1.   That the Court grant plaintiff's Motion For Default Judgment;

2.   That the Court award statutory damages under the FDCPA of $1,000.00;

3.   That the Court award statutory damages under the TCPA of $500.00 (i.e., damages

    without trebling).

With regard to the matter of attorneys' fees, Judge Gauvey recognized that, under §

1692(k)(a)(3) of the FDCPA, courts may award "the costs of the action, together with a

reasonable attorney's fee."  However, Judge Gauvey observed that "plaintiff has not requested

any specific amount of attorneys' fees and costs and has provided absolutely no proof as to those

matters."  Therefore, she said:  "Accordingly, no award of attorney's fees or costs is

recommended, at this time."  *Id.* at 8.

The time for filing objections as to the Report has passed.  *See* F. R. Civ. P. 72(b); Local

Rule 301.5(b).  No objections were filed with respect to the Report.  Nor has plaintiff's counsel

submitted any specific request as to the award of attorney's fees, despite Judge Gauvey's

comments and recommendation.

In accordance with F. R. Civ. P. 72(b), I have reviewed the Report for clear error with respect to the determination of the issues to which the Report relates.  I find that Judge Gauvey's proposed rulings are correct in all respects.  Accordingly, I adopt the Report And Recommendation as my own.

I will, however, permit counsel for plaintiff to submit a petition for costs and attorneys' fees, along with a memorandum and supporting documentation, within 14 days from the date of the entry of the accompanying Order implementing these rulings.


  /s/
Date:   February 23, 2012                    Ellen L. Hollander
                                             United States District Judge